*E-FILED 10-20-2010*

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| JPMORGAN CHASE BANK, NATIONAL ASSOCIATION,<br><br>    Plaintiff,<br> v.<br><br>KIM HA VU; HUY VU; DOES 1-20, inclusive,<br><br>    Defendant.<br>_____/ | No. C10-04721 HRL<br><br>**ORDER REFERRING CASE TO JUDGE WARE FOR RELATED CASE DETERMINATION**<br><br>**REPORT AND RECOMMENDATION** |

The instant action is hereby referred to Judge Ware for a determination whether it is related, within the meaning of Civil Local Rule 3-12, to <u>JPMorgan Chase v. Vu</u>, Case No. C10-02474 JW (HRL).

Once again, defendants attempt to remove an unlawful detainer action from Santa Clara County Superior Court. Their first try failed because they did not show any federal basis for removal. (<u>See</u> Case No. C10-02474 JW (HRL), Docket Nos. 4 and 8). Defendants' current attempt to remove the very same state lawsuit fares no better. For the reasons stated below, the undersigned recommends that this action be summarily remanded to state court.

Plaintiff JPMorgan Chase Bank, National Association ("JPMorgan") filed this unlawful detainer action on February 5, 2010[1] in Santa Clara County Superior Court. According to the

---

[1] It appeared that defendants first removal attempt was outside the thirty-day period for which removal is proper. 28 U.S.C. § 1446(b). The same is true of the instant attempt at removal. However, as a procedural requirement, a federal court cannot remand sua sponte on this basis. <u>See</u> <u>Lively v. Wild Oats Markets, Inc.</u>, 456 F.3d 933, 942 (9th Cir. 2006).

complaint, plaintiff acquired the subject property through a foreclosure trustee's sale in or about January 2010. (Complaint, ¶¶ 5-6). The complaint further alleges that on January 28, 2010, plaintiff served defendants with a notice to vacate, but defendants refused to deliver possession of the property. (Id. ¶¶ 7-9).

Removal to federal court is proper where the federal court would have original subject matter jurisdiction over the complaint. 28 U.S.C. § 1441. If, after a court's prompt review of a notice of removal "it clearly appears on the face of the notice and any exhibits annexed thereto that removal should not be permitted, the court *shall* make an order for summary remand." 28 U.S.C. § 1446(c)(4) (emphasis added). These removal statutes are strictly construed against removal and place the burden on the petitioner to demonstrate that removal was proper. Moore-Thomas v. Alaska Airlines, Inc., 553 F.3d 1241, 1244 (9th Cir. 2009) (citing Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992)).

Here, defendants once again assert that removal is proper based on federal question. Federal courts have original jurisdiction over civil actions "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. A claim "arises under" federal law if, based on the "well-pleaded complaint rule," the plaintiff alleges a federal cause of action. Vaden v. Discovery Bank, 129 S. Ct. 1262, 1272 (2009). Defenses and counterclaims asserting a federal question do not satisfy this requirement. Id. at 1273.

Defendants fail to support their assertion that this action arises under federal law. They assert that JPMorgan's mortgage activities violated federal and state law and that the subject foreclosure sale was illegal. (Notice of Removal, ¶¶ 6-7). They further suggest that the unlawful detainer action is related to a putative class action previously pending in this district.[2] However, defendants' allegations in their removal notice or in a response to plaintiff's complaint cannot provide this court with federal question jurisdiction. The plaintiff's complaint states only a cause of action for unlawful detainer; it does not allege any federal claims

---

[2] HPG Corp., et al. v. Countrywide Home Loans, et al., C10-00985 SI.

2

1  whatsoever. Accordingly, defendants have failed to show that removal is proper on account of
2  any federal substantive law.
3  Although defendants now assert diversity jurisdiction, the complaint on its face does not
4  establish that this court might have subject-matter jurisdiction based on diversity. See 28
5  U.S.C. § 1332(a). A review of the complaint shows that it specifies that the "amount of claimed
6  damages in this action does not exceed $10,000.00." (Complaint ¶ 1c). Plaintiff only seeks
7  judgment for possession of the property and the costs of suit. (Id. at 3).[3]
8  The undersigned therefore RECOMMENDS that the instant action be summarily
9  remanded to Santa Clara County Superior Court. Pursuant to Federal Rule of Civil Procedure
10 72(b), any party may serve and file objections to this Report and Recommendation within
11 fourteen days after being served.
12 Dated:   October 20, 2010

HOWARD R. LLOYD
UNITED STATES MAGISTRATE JUDGE

---

[3] In addition, as local defendants, it would appear that defendants would not have the right to remove this action to federal court under diversity jurisdiction. 28 U.S.C. § 1441(b) (stating that an action is removable for diversity "only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought").

3

1  5:10-cv-04721-HRL Notice has been electronically mailed to:

2  Earl Robert Wallace    earl@rswlaw.net

3  5:10-cv-04721-HRL Notice mailed to:

4  Huy Vu
   18900 Newsom Avenue
5  Cupertino, CA 95014

6  Kim Ha Vu
   18900 Newsom Avenue
7  Cupertino, CA 95014

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**United States District Court**
For the Northern District of California